UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AAA STORAGE HOLDINGS, LLC, d/b/a AAA Storage St. Charles, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:17 CV 2373 CDP |
| ASPEN AMERICAN INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM AND ORDER

Plaintiff is a storage company whose roofs were damaged during a hail storm in May 2016. Its insurance company, defendant Aspen American Insurance Company, paid the actual cash value for repairs to the roofs. Plaintiff claims that Aspen breached its insurance contract when it failed to make a supplemental payment as represented by its initial adjuster and the contracted adjuster on the claim, defendants MiniCo Insurance Agency, LLC and Associated Claims Management, Inc. (ACM), respectively. Plaintiff brings claims of breach of contract and vexatious refusal to pay against Aspen. It brings claims of fraudulent and negligent misrepresentation against MiniCo and ACM. MiniCo and ACM move to dismiss plaintiff's claims against them under Fed. R. Civ. P. 12(b)(6).

Having reviewed plaintiff's claims in light of the relevant standard,[1] the motion to dismiss must be denied at this time. Plaintiff has adequately alleged facts stating plausible claims for relief against MiniCo and ACM and is entitled to conduct discovery and present evidence in support of the claims. Whether plaintiff may ultimately be entitled to relief on the claims is not properly before me at this stage of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant MiniCo Insurance Agency, LLC and Associated Claims Management, Inc.'s Motion to Dismiss Counts III-VI [24] is **DENIED.**

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2017.

---

[1] The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a motion to dismiss, the complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).